# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-03726 (UNA) |
| MARK MILLEY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff's complaint is rife with inconsistencies and confusing allegations. He names Mark Milley, the Chairman of the Joint Chiefs of Staff" as the defendant in the complaint's caption, but it is unclear how any of the claims that follow relate to General Milley. In the body of the complaint, plaintiff identifies a different individual as the defendant, "the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI) at Rockefeller Plaza in Times Square in New York City," which plaintiff alleges is "connected to [the] U.S. attorney's office in [the] Southern District of New York (SDNY)." Plaintiff lives in Sarasota, Florida, and he has brought the action in this court, but he states that that venue and jurisdiction for this matter are proper in the United States District Court for the Eastern District of Virginia, "the Second Circuit Court of Appeals in New York City or First Circuit Court of Appeals at John Joseph

Moakley Courthouse in Boston, Massachusetts[,]" or possibly, the United States District Court for the Southern District of New York.

From there, the complaint becomes even more difficult to follow. Plaintiff discusses, at length, his disagreement with the outcomes of litigation in various other federal and state courts, including filing restrictions entered against him as a vexatious litigant, and refusals by those courts to entertain his interlocutory appeals or transfer his matters to other jurisdictions. He then intermittently alleges that "SDNY" "racially profiles people as Arabic of or Muslim," while also discussing his attempts to gain entry to Cuba, individuals falsely identified as Russian spies, and his difficulties contacting foreign embassies in the United States. He demands damages and injunctive relief. This complaint will be dismissed.

First, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort*

*Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the court nor defendant can reasonably be expected to identify plaintiff's claims. In fact, it is unclear who plaintiff has even intended to sue. And per plaintiff's own assertions, this District appears to be an improper venue for his claims, and it is unknown how, if at all, this court may exercise subject-matter jurisdiction over this lawsuit.

Second, this court lacks subject matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"), citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

Date:   December 21, 2022